IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | CR. No. C-05-61-2 |
| v. | § | |
| | § | |
| DAVID RODRIGUEZ-LARA, | § | |
| | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR
WRIT OF ERROR *CORAM NOBIS***

On February 3, 2012, the Clerk received Movant David Rodriguez-Lara's ("Rodriguez-Lara") Petition for a Writ of Error *Coram Nobis*. D.E. 54. After holding an evidentiary hearing, the Court grants the petition and vacates the underlying judgment of conviction.

**PROCEDURAL BACKGROUND**

Rodriguez-Lara was arrested on January 18, 2005, along with others, and was charged with aiding and abetting the transportation of illegal aliens in the United States. D.E. 1. He was appointed counsel two days after his arrest. During his arraignment on February 4, 2005, Rodriguez-Lara testified that his true and correct name was David Rodriguez-Lara and that he was the person named in the indictment. February 4, 2005, ERO 8:52:06/12, 8:52:44/51.[1]

Rodriguez-Lara pled guilty to Count 1 of the indictment pursuant to a plea agreement with the government. D.E. 32, 35. The terms of the plea agreement included a waiver of Rodriguez-Lara's right to appeal or to file a motion pursuant to 28 U.S.C. § 2255. D.E. 32 at ¶ 7. The government agreed to recommend a sentence within the guideline range. Id. at ¶ 2. During

---

[1] The indictment charged David Rodriguez-Lara with two counts of aiding and abetting his co-defendant in transporting unlawful aliens within the United States. D.E. 22.

1

rearraignment on March 28, 2005, Rodriguez-Lara testified that he was 18 years old[2] (D.E.35 at 8), that he went through the 9th grade in Mexico, his attorney explained the charges against him, he entered into his plea agreement voluntarily, and admitted that he is a citizen of Mexico. Rodriguez-Lara agreed with the rendition of facts by the AUSA and pled guilty. D.E. 35 at 20-24.

Six weeks after entering his guilty plea, Rodriguez-Lara filed a motion to dismiss for want of jurisdiction. D.E. 37. In that motion, Rodriguez-Lara claimed that he was born in March 1987, rather than in March 1986 as he had told law enforcement in 2004 on previous apprehensions. If Rodriguez-Lara was born in March 1987, he was 17 years old at the time he was arrested. The motion sought dismissal based upon the application of 18 U.S.C. § 5032. Rodriguez-Lara also objected to the Presentence Investigation Report (PSR) on the ground that he was a juvenile and that the district court did not have jurisdiction over him. D.E. 38.

The Presentence Investigation Report recited that Rodriguez-Lara reported dates of birth in March 1986 and March 1987 that were both unverified. D.E. 41 at p. 2. It additionally noted that ICE had previously apprehended Rodriguez-Lara after he was found illegally in the United States three times in 2004. Id. at ¶ 27. On each of those occasions, Rodriguez-Lara gave a March 1986 birth date. Id.

In 2005, Rodriguez-Lara told the Probation Department that he was born to Mariano Rodriguez and Micaela Lara in San Luis Potosi, Mexico. He told Probation that his father was currently working illegally in Houston and that his siblings also were living in the United States,

---

[2] Assuming the 1987 birth year is correct, at the time of rearraignment, Rodriguez-Lara was 18 years old. Rearraignment took place after his March birthday.

except for two of his sisters who lived in Mexico with his mother. Rodriguez-Lara stated that he did not know how to reach his family. Probation was unable to verify Rodriguez-Lara's birthdate.[3]

During sentencing on July 1, 2005, defense counsel presented a school record for Rodolfo Rodriguez-Lara showing a birth date in March 1987 and identifying the parents of Rodolfo as Michaela Lara and Mariano Rodriguez. D.E. 51 at 2. Counsel also provided the Court with a copy of a birth certificate for Rodolfo Rodriguez-Lara which showed the March 1987 birth date. The government argued that Rodriguez-Lara had previously given the March 1986 date of birth on all other apprehensions and there was no evidence that David Rodriguez-Lara and Rodolfo Rodriguez-Lara were the same person. This Court expressed concern over the name discrepancy and the previous statements by Rodriguez-Lara giving his birth date as March 1986.[4] Rodriguez-Lara explained his previous statements,

> THE DEFENDANT: Because in August of last year when I was caught three times, I was traveling with some of the people from my town. And well, I was -- when I was traveling with them, they said that if we were caught just to say that I was older because if I said that I was a minor, then they would leave me there until someone came to pick me up, and that is all.
> MR. VINCENT GONZALEZ: Could you explain why you

---

[3] Rodriguez-Lara apparently had contact information because at sentencing, counsel represented that Rodriguez-Lara's family sent him records.

[4] THE COURT: Well, my -- you know, I don't know that this document -- you know, I -- I assume it's authentic. I am having more trouble quite frankly with the fact that this document is not in the name of the person that is before me to be sentenced. You know, he constantly gives us David, and you have given me a document with Rodolfo Rodriguez-Lara, and he has been indicted as David Rodriguez-Lara. He has given a different birthdate every time that he has been apprehended, more than once -- which is more than once. This gives me some concern. I mean, for me to dismiss a case on a birth certificate for someone with another name –

D.E. 51 at 7.

3

>are also known as David, Rodolfo and David?
>THE DEFENDANT: Because of the civil registry it
>is Rodolfo, and then the church it is David, and back there,
>since everyone goes through according to what the church name
>is everybody calls me David. And well, they asked me what is
>your name, I say David, I have never given any other name.

<u>Id.</u> at 9. The Court considered the testimony of the Probation Officer who confirmed that the birth certificate was an authentic copy of the original document and testified that the local Catholic diocese advised him that baptismal names are not different from birth names in the Church. An agent from Immigration and Customs Enforcement also testified,

>THE WITNESS: I am Eric McCall with Immigration
>and Customs Enforcement. And reviewing the evidence by Border
>Patrol, on four occasions -- he was arrested on four occasions,
>he gave the exact same name, David Rodriguez-Lara, the same
>date of birth, March [] 1986, and all the other information
>about his place of birth and parents' names. All that
>information is the exact same in all our apprehensions. It
>wasn't until the sworn statement was taken on his fourth
>apprehension that he gave the date 1987, making him seventeen
>rather than eighteen.

D.E. 51 at 11.

>After all of the evidence, the Court denied the motion to dismiss,
>
>THE COURT: As you know, these are difficult
>things, but again, you know, he has an opportunity to be
>truthful on four different occasions and now when he comes into
>Court facing prison time, he wants to take a different
>position. I am not convinced that you have carried your burden
>to convince me that this man is the same person as in the
>documents that you have given me. I denied your motion on
>those grounds. If it's wrong, the Court of Appeals will
>certainly reverse me without any doubt.
>          *      *      *      *
>THE COURT: No, I am not convinced. I am not
>convinced. I have -- I have the information obtained through
>Probation from the Catholic Church which is inconsistent with
>what he said before me today, and on previous occasions he has
>had the opportunity to properly identify who he is. He has

4

>     identified himself as a person different than in these
>     documents, and he has given a different date of birth on three
>     previous occasions that's different than the date of birth you
>     are now presenting to me through some documents that are -- the
>     name of a different person. I am not convinced that he is the
>     person in these documents and was born in 1987 instead of '86.
>     I deny your motion.
>     My question is do you want a continuance of the
>     sentencing or do you want to be sentenced today?

Id. at 12-13. No continuance was requested and the Court sentenced Rodriguez-Lara to time served, with three years supervised release to follow, no fine, and a $100 special assessment. Id. at 16-18. The Court reminded Rodriguez-Lara of his appeal waiver. Id. at 18.

Rodriguez-Lara did not appeal. Judgment was entered on the docket on July 7, 2005. D.E. 47. Rodriguez-Lara filed his petition for writ of error *coram nobis* in February 2012. D.E. 54. The petition included attachments, including translations where necessary. The documents attached were either originals or certified copies of: Birth certificate for Rodolfo Rodriguez, Certificate of non-existence of a birth certificate for David Rodriguez-Lara, Declaration of Mariano Rodriguez, Rodolfo Rodriguez-Lara's Mexican voter registration card, birth certificate for Azul Jade Rodriguez, and death certificate for Ines Rodriguez.

## MOVANT'S CLAIMS

Rodriguez-Lara seeks *coram nobis* relief on multiple grounds: 1) that he was a juvenile at the time of his January 2005 arrest over whom this Court did not possess jurisdiction, 2) that his counsel was ineffective because he failed to obtain the evidence necessary to tie the documents he produced at sentencing to Rodriguez-Lara, and 3) counsel was ineffective because he failed to move to suppress Rodriguez-Lara's inculpatory statements on the grounds of his juvenile status. D.E. 54.

Rodriguez-Lara claims that his motion was not ripe until he was arrested in June 2011 and that he will suffer collateral consequences including enhanced punishment for his current conviction

for Illegal Reentry, for which he has not been sentenced, and permanent exclusion from the United States.

## IV. ANALYSIS

### A. Standard for Writ of Coram Nobis

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction." United States v. Hatten, 167 F.3d 884, 887 n.6 (5th Cir. 1999). It is available only in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal conviction [] and that the challenged error is of sufficient magnitude to justify the extraordinary relief." United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994) (internal citations omitted). "For an error to be of sufficient magnitude to justify a writ of error *coram nobis*, the appellant must prove that the errors 'result[ed] in a complete miscarriage of justice.'" Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996). Although the failure to challenge a conviction on direct or collateral appeal is not fatal to *coram nobis* relief, the writ may only issue when "no other remedy is available" and "sound reasons" explain the failure to seek relief earlier. United States v. Dyer, 135 F.3d 417, 422 (5th Cir. 1988).

Ineffective assistance of counsel, as measured by the Strickland standard, may be grounds for issuance of writ of error *coram nobis*. See Santos–Sanches v. United States, ––– U.S. –––, 130 S.Ct. 2340 (2010) (mem.) (vacating judgment and remanding back to the Fifth Circuit to reconsider decision upholding denial of *coram nobis* relief when the ineffective assistance claims were based on alleged affirmative misrepresentations and failure to warn of immigration consequences); United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994).

**B.     Jurisdiction of District Court Over Juveniles**

For proceedings in federal court, a juvenile is one who has not yet attained his/her eighteenth birthday. 18 U.S.C. § 5031.[5] Absent certification by the Attorney General of the United States to the district court, a federal district court does not have jurisdiction over a juvenile who has committed a federal crime. See 18 U.S.C. 5032 ("A juvenile alleged to have committed an act of juvenile delinquency . . . shall not be proceeded against in any court of the United States unless the Attorney General [] certifies . . ."). Thus, if Rodriguez-Lara was not yet 18 at the time of his arrest in January 2005, this Court did not have jurisdiction over him absent certification. Id. Certification by the Attorney General is a jurisdictional requirement. United States v. Male Juvenile, 148 F.3d 468, 469 (5th Cir. 1998) (holding that district court lacked jurisdiction to try juvenile where certification was faulty and vacated juvenile's conviction).

**C.     Evidentiary Hearing**

The Court held an evidentiary hearing on August 21, 2012. Counsel for Rodriguez-Lara subpoenaed Rodriguez-Lara's parents, Mariano Rodriguez-Nino and Micaela Lara-Leiva, to testify. Rodriguez-Lara was present at the hearing.

In addition to Rodolfo Rodriguez-Lara's birth certificate, the remaining documentary evidence was all consistent. Rodolfo Rodriguez-Lara's birthdate is shown as March 1987 in all of it. The evidence included a government issued Voter ID card with a photo that looked like the defendant. That ID card was issued in 2006. The birth certificate of Azul Jade Rodriguez, the daughter of Rodolfo Rodriguez-Lara, issued by the State of Texas, showed Rodriguez-Lara's birth

---

[5] For the purposes of this chapter, a "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, and "juvenile delinquency" is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult or a violation by such a person of section 922(x).

Id.

7

date as March 1987. The Certificate of Fetal Death, issued by the State of Texas, for Ines Rodriguez, the daughter of Rodolfo Rodriguez, also reflected that his date of birth was in March 1987.

Mariano Rodriguez-Nino testified that he has been married to Micaela Lara-Leiva since 1977, they have nine children of whom eight are still living, and that the defendant in this case is his son Rodolfo Rodriguez-Lara. Rodriguez-Nino further testified that he registered his children's births with the Mexican authorities and obtained a copy of the birth certificate of his son Rodolfo who was born in March 1987. He had one other son who was born on the same day in March as Rodolfo, but in 1980, not 1986. When Rodriguez-Lara was baptized, he was baptized in the name Rodolfo. Rodriguez-Nino did not use the name David in reference to his son Rodolfo and had never heard his son called David. All his children were born in Bledos, San Luis Potosi, Mexico and he registered all of their births near the time each child was born. Rodriguez-Nino obtained the certificate of non-existence of a birth certificate for David Rodriguez-Lara for the years 1986-1988. Rodriguez-Nino identified all of the documents attached to the petition and each was admitted into evidence, with the exception of two translations.

Rodriguez-Nino was working in Houston when he found out from his wife that Rodriguez-Lara had been arrested in 2005. Rodriguez-Nino and Rodriguez-Lara had not been in touch for a while before Rodriguez-Lara was arrested.

Lara-Leiva also testified that the defendant in the courtroom was her son Rodolfo Lara-Rodriguez and that he was born on the date reflected on his birth certificate in March 1987. She testified similarly to her husband about their other children and their dates of birth. She testified that in 2005, she found out that her son Rodolfo had been arrested. Her brother, who lived in Houston, telephoned her several months after the arrest, and she then conveyed the information to her

8

husband, Rodriguez-Nino. In 2005, when her son Rodolfo was sent back to Mexico, he did not tell her that he used the name David in the United States.

D.     Application of the Facts to *Coram Nobis* Standards

The requirements for *coram nobis* relief are stringent, as pointed out in Part IV(A), *supra.* This Court's lack of jurisdiction over a juvenile pursuant to 18 U.S.C. § 5032 is the kind of manifest injustice that permits relief. See Puente v. United States, 676 F.2d 141, 145 n.2 (5th Cir. 1982) (per curiam). Had Rodriguez-Lara established his minority in 2005, this Court would have been required to dismiss the proceedings for lack of jurisdiction.

As to the collateral consequences that are a necessary element of any claim for *coram nobis* relief, an enhanced sentence, such as the one Rodriguez-Lara faces on his illegal reentry conviction in the Northern District of Texas,[6] qualifies. See United States v. Morgan, 346 U.S. 502, 512-13 (1954) ("Subsequent convictions may carry heavier penalties, civil rights may be affected."). Immigration consequences that result from the erroneous criminal conviction are also the kind of collateral consequences that are contemplated for relief. See United States v. Esogbue, 357 F.3d 532, 534-35 (5th Cir. 2004).

Rodriguez-Lara was released from the custody of the Bureau of Prisons almost immediately after he was sentenced. Because he is no longer serving the sentence from this conviction and has completed his term of supervised release, he does not qualify for relief pursuant to 28 U.S.C. § 2255 (requiring that the movant be "in custody"). Relief pursuant to writ of error *coram nobis* is the only possible avenue for Rodriguez-Lara.

---

[6] Rodriguez-Lara's 2005 conviction for aiding and abetting transportation of illegal aliens affects his current conviction for illegal reentry. His current offense will be enhanced by 16 points, and the applicable statutory maximum sentence will increase from 10 years to 20 years. *See* 8 U.S.C. § 1326(b)(2); U.S.S.G. § 2L1.2b)(1)(A)(vii).

Finally, the government acknowledges that in this case, if the evidence convinces the Court that Rodolfo Rodriguez-Lara is the same person as David Rodriguez-Lara and that he was born in March 1987, *coram nobis* relief should be granted. D.E. 62 at 16.

Based upon the testimony and the documentary evidence, the Court is now convinced that David Rodriguez-Lara and Rodolfo Rodriguez-Lara are the same person, that Rodolfo Rodriguez-Lara was born in March 1987, and that he was 17 years old when he was arrested in January 2005.

## V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** the petition for writ of error *coram nobis* and **VACATES** Rodriguez-Lara's conviction dated July 7, 2005 (D.E. 47).

It is so **ORDERED.**

**SIGNED** on this 12th day of September, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE